UNITED STATES of America,
Plaintiff-Appellee,

v.

Edgar Allen CROCHET,
Defendant-Appellant.

No. 85–3491
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 24, 1986.

Ray Epps, Houston, Tex., for defendant-appellant.

Stanford O. Bardwell, Jr., U.S. Atty., and Bradley C. Myers, Asst. U.S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Found guilty of possession of a firearm after having been convicted of a felony, 18 U.S.C. Appendix § 1202(a)(1), Edgar Allen Crochet appeals. We affirm.

## BACKGROUND

This case was tried to the court on a stipulation of facts and the appeal presents a narrow legal issue. In 1974 Crochet pleaded guilty to felony theft and receiving stolen goods, also a felony, in the 19th Judicial District, East Baton Rouge Parish, Louisiana, and was placed on probation for a term of three years. Upon completion of the probated sentence the state court expunged the conviction from Crochet's record under the authority of La.C.Cr.P. art. 893 E (West 1984).[1] In 1985 Crochet

---

1. La.C.Cr.P. art. 893E (West 1984) provides:

When the imposition of sentence has been suspended by the court, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the

was arrested while in possession of a .357 caliber Dan Wesson revolver and was charged with violating 18 U.S.C. Appendix § 1202(a)(1).[2] The district court convicted Crochet and sentenced him to a term of one year.

## ANALYSIS

The sole issue presented is whether Crochet has been "convicted" of a felony for purposes of 18 U.S.C. Appendix § 1202(a)(1) in light of the fact that his previous Louisiana felony convictions had been set aside and expunged from his record under La.C.Cr.P. art. 893 E.

The question of whether a person "has been 'convicted' within the language of the gun control statutes is necessarily ... a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State." *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 991, 74 L.Ed.2d 845 (1983).

■ *Dickerson* controls our disposition of the instant appeal. In *Dickerson* the Court reviewed "whether firearms disabili-

ties imposed by 18 U.S.C. § 922(g) and (h) apply with respect to a person who pleads guilty to a state offense punishable by imprisonment for more than one year, when the record of the proceeding subsequently is expunged under state procedure following a successfully served term of probation," 460 U.S. at 105, 103 S.Ct. at 987–88, and determined that the disabilities imposed by Congress continued to apply. The issue decided in *Dickerson* was the meaning of the term "convicted" in 18 U.S.C. § 922(g) and (h).[3] The issue before us is the meaning of the term "convicted" in 18 U.S.C. Appendix § 1202(a)(1). We see no reasoned basis for distinguishing the instant case and *Dickerson;* the purpose behind the statutes in both cases is the same, *viz.*, to prohibit the possession of firearms by those whom Congress considers "unreliab[le]." *Dickerson*, 460 U.S. at 114, 103 S.Ct. at 992. *See also id.* at 118–22, 103 S.Ct. at 994–96.

■ Prior to *Dickerson*, we had rejected the instant claim when advanced pursuant to a Texas expunction statute similar to Louisiana's.[4] *United States v. Gray*, 692

---

prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses.

2. 18 U.S.C. Appendix § 1202(a)(1) prohibits "[a]ny person who has been convicted by a court ... of a State or any political subdivision thereof of a felony" from receiving, possessing, or transporting a firearm in commerce.

3. 18 U.S.C. § 922(g)(1) and (h)(1) provides:

(g) It shall be unlawful for any person—
(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ...
to ship or transport any firearm or ammunition in interstate or foreign commerce.
(h) It shall be unlawful for any person—
(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ...
to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

4. Tex.Crim.Proc. Code Ann. art. 42.12 § 7 (Vernon 1979) provided prior to its amendment in 1984:

At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

F.2d 352 (5th Cir.1982). We find no basis for distinguishing between the Texas law reviewed in *Gray* and the Louisiana article at issue here. As the Supreme Court held in *Dickerson,* the expunction of a state conviction following the successful completion of a probationary term does not void the conviction for purposes of federal firearms disabilities.

The district court correctly concluded that Crochet violated 18 U.S.C. Appendix § 1202(a)(1) and its judgment is AFFIRMED.