**UNITED STATES of America, Plaintiff,**

v.

**Wisam "Sammy" PETROS, Defendant.**

**Crim. No. 89–CR–20074–BC.**

United States District Court,
E.D. Michigan, S.D.

Sept. 10, 1990.

Janet Parker, U.S. Atty., Bay City, Mich., for plaintiff.

Juan A. Mateo, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ROSEN, District Judge.

This matter is before the Court on the Motion of Defendant Wisam "Sammy" Petros for an order declaring his prior state controlled substance plea taken under M.C.L. § 333.7411, the Michigan "First Offender Statute", invalid for purposes of the enhanced penalty provisions of 21 U.S.C. § 841. Both the Defendant and the Government have filed briefs on this issue, which the Court has read.

## I. FACTUAL BACKGROUND

Wisam "Sammy" Petros was charged in two counts of a 19–count Indictment in November 1989. Petros was charged with conspiracy to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 841 and 846 (Count I)[1] and conspiracy to receive explosives in violation of 18 U.S.C. § 371 (Count II).

---

**1.** 21 U.S.C. § 841 is the substantive drug offense underlying Petros' conspiracy charge ("[I]t shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance....")

21 U.S.C. § 846 provides that a person guilty of a drug conspiracy offenses is "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

The pertinent provisions of these statutes are set forth in Section III of this Opinion.

On March 28, 1990, pursuant to a Rule 11 Plea Agreement with the Government, Petros pleaded guilty to Count I of the Indictment (conspiracy to distribute over 500 grams of cocaine). The Rule 11 Agreement provides that Petros' sentence will not exceed 10 years if the Court finds that he is subject to an enhanced penalty.[2] If the Court finds that an enhanced penalty is not applicable, then Petros' sentence will not exceed the lower limits of the range provided in the Sentencing Guidelines.

Petros was originally scheduled to be sentenced on August 6, 1990. However, shortly after the Court notified counsel for the parties of the date and time of the sentencing hearing, Petros filed his Motion for entry of an order declaring his prior State court controlled substance plea invalid for purposes of the "enhanced penalty" provisions of Section 401 of the federal Controlled Substance Act, 21 U.S.C. § 841. Petros' sentencing hearing was, therefore, adjourned and rescheduled for Monday, September 10, 1990, following the hearing on his Motion.

## II. PETROS' ARGUMENT

Petros contends that his sentence in this case should not be "enhanced" as provided in 21 U.S.C. § 841(b)(1)(B) based on his having previously pleaded guilty in August 1988 in State court to the charge of possession with intent to deliver less than 25 grams of cocaine, which is a felony under Michigan law.[3] Petros was sentenced to two years probation in connection with that State-court plea, pursuant to the first offender provision of the Michigan Controlled Substances Act, M.C.L. § 333.7411.[4] He was still on probation for that state offense both at the time of his indictment on the

federal offense in November 1989 and when he pleaded guilty to that federal offense in March of 1990. It is Petros' position, however, that because he pleaded guilty and was sentenced to "probation" in accordance with the Michigan first offender statute's terms for the state offense, that sentence does not constitute a prior "conviction" that "ha[s] become final" for purposes of the enhancement provisions of 21 U.S.C. § 841(b)(1)(B).

The bases of Petros' contention that his State court plea and sentence to probation do not constitute a final conviction under Section 841(b)(1)(B) are that (1) by virtue of application of M.C.L. § 333.7411 to that plea, as of this date, there has been no order of conviction, final judgment of conviction, or any adjudication of guilt entered against him, and (2) his probationary sentence under the Michigan statute purportedly remains subject to revocation if the state authorities decide to revoke it.

## III. APPLICABLE FEDERAL AND STATE STATUTES

The pertinent provisions of the principal statutes referenced herein are set forth in this section for convenience. A discussion of the cases construing these and similar statutes follows in Section IV, *infra*.

## 1. PERTINENT PROVISIONS OF THE FEDERAL CONTROLLED SUBSTANCE ACT.

Section 401(b)(1)(B), of the federal Controlled Substance Act, 21 U.S.C. § 841(b)(1)(B), provides in pertinent part:

Except as otherwise provided in section 845, 845a or 845b of this title, any person

---

**2.** 21 U.S.C. § 841(b)(1)(B) sets forth the penalties for violations of Section 841(a). These provisions include enhancement of penalties for certain violations of subsection (a) for persons previously convicted for the commission of certain federal or state crimes. Pertinent provisions of this statute are set forth in Section III, *infra*. Petros' Rule 11 Agreement specifically states that he and the Government disagree as to whether these enhanced penalty provisions are applicable in this case. It is his disagreement with the Government's contention that the en-

hanced penalty provisions apply that precipitated the instant Motion.

**3.** *See,* M.C.L. § 333.7403(2)(a)(v) which provides that a person guilty of possession of less than 25 grams of cocaine "is guilty of a felony, punishable by imprisonment for not more than 4 years or a fine of not more than $25,000.00, or both."

**4.** *See* Section III of this Memorandum Opinion and Order for the text of M.C.L. § 333.7411.

who violates subsection (a) of this section shall be sentenced as follows:

\*     \*     \*     \*     \*     \*

(B) *In the case of a violation of subsection (a) of this section involving—*

\*     \*     \*     \*     \*     \*

(ii) *500 grams or more of a mixture or substance containing a detectable amount of—*

   (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

   (II) *cocaine, its salts, optical and geometric isomers, and salts of isomers;* or

   (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or

   (IV) any compound, mixture, or preparation which contains any quantity of any of the substance referred to in subclauses (I) through (III);

\*     \*     \*     \*     \*     \*

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years.... *If any person commits such a violation after one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State,[5] the United States, or a foreign country relating to narcotic drugs, marijuana, or depres-*

*sant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years.... Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term or imprisonment and shall, if there was. such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment ....*

21 U.S.C. § 841(b)(1)(B). [Emphasis added.]

## 2. THE FEDERAL DRUG CONSPIRACY STATUTE

The drug conspiracy statute, 21 U.S.C. § 846, with respect to which Petros has pleaded guilty and pursuant to which guilty plea he is to be sentenced following the hearing on the subject Motion, provides:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.

## 3. THE FIRST OFFENDER PROVISION OF THE MICHIGAN CONTROLLED SUBSTANCES ACT

The first offender provision of the Michigan Controlled Substances Act, M.C.L.

---

**5.** The Court notes that as originally enacted in 1970, whether a prior conviction for violation of a State (as opposed to a federal) law triggered the quoted enhanced sentence provisions of Section 841(b)(1)(B) were ambiguous and, as such, several appeals were predicated on this issue. *See, e.g., United States v. Gates,* 807 F.2d 1075 (D.C.Cir.1986); *United States v. Gaertner,* 705 F.2d 210 (7th Cir.1983), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 979, 79 L.Ed.2d 216 (1984); *United States v. Johnson,* 506 F.2d 305 (7th Cir.1974), *cert. denied,* 420 U.S. 1005, 95 S.Ct. 1448, 43 L.Ed.2d 763 (1975).

Until 1986, Section 841(b)(1)(B), in pertinent part, read as follows:

If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph *or for a felony under any other provision of this*

*subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marijuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 10 years, a fine of not more than $30,000, or both.*

Section 841(b)(1)(B) was amended by provisions of the Anti–Drug Abuse Act of 1986. The quoted language of Section 841(b)(1)(B) appearing in the text of this memo, "after one or more convictions ... for a felony under any other provision of this subchapter or subchapter II of this chapter or *other law of a State, the United States, or a foreign country ...*", was part of the 1986 amendments. This change in the statute eliminates any State law/federal law ambiguity with which courts wrestled prior to 1986.

§ 333.7411, pursuant to which Petros was sentenced to two years probation in State court in August 1988, provides in pertinent part:

> When an individual who has not previously been convicted of an offense under this article or under any statute of the United States or of any state relating to narcotic drugs, coca leaves, marijuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under section 7404, 7403(2)(a)(v),[6] 7403(2)(b), (c), or (d), . . . the court, without entering a judgment of guilt with the consent of the accused, may defer further proceedings and place the individual on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for a second or subsequent convictions under section 7413. . . .

M.C.L. § 333.7411(1).

## IV.  ANALYSIS

The issue presented in this matter is whether Petros' sentence pursuant to a plea of guilty of having violated 18 U.S.C. § 846 may be enhanced as provided in 18 U.S.C. § 841(b)(1)(B) by virtue of his previous state court plea of guilty to a Michigan felony drug offense and resulting sentence of two years probation pursuant to M.C.L.

§ 333.7411(1) where the term of the state court imposed probation, as of the date of Petros' plea in this case, had not yet expired.

### A.  PETROS' PRIOR STATE COURT PLEA TAKEN PURSUANT TO THE MICHIGAN FIRST OFFENDER STATUTE AND RESULTING SENTENCE OF TWO YEARS PROBATION IS A "FINAL CONVICTION" FOR PURPOSES OF THE ENHANCED PENALTY PROVISIONS OF 18 U.S.C. § 841(b)(1)(B)

No court in this Circuit, or any other circuit, has been called upon to determine whether Section 841(b)(1)(B)'s enhanced-penalty-for-prior-final-convictions provision is triggered by a probated sentence issued pursuant to the first offender provision of the Michigan Controlled Substances Act. However, several courts have been called upon to construe enhancement of Section 841 penalties by application of state court probated sentences issued pursuant to state statutes that are similar to Michigan's first offender statute.  The rationale and holdings of those courts furnish guidance for the Court's decision in this case.

The District of Columbia Circuit's recent decision in *United States v. Smith*, 897 F.2d 1168 (D.C.Cir.1990) (unpublished opinion, text available on LEXIS), is particularly instructive.  In *Smith*, the defendant was charged with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841.  A jury found Smith guilty. At his sentencing, the district judge enhanced Smith's sentence pursuant to the provisions Section 841(b)(1)(A)[7] because he had previously received a sentence of two years probation under the District of Columbia Youth Rehabilitation Act, D.C.Code Section 24–803(a), for a prior drug offense.

---

**6.** M.C.L. § 333.7403 prohibits possession of controlled substances.  Petros pleaded guilty to violation of subsection (2)(a)(v) of section 7403, i.e., possession of a controlled substance in an amount less than 25 grams.

**7.** While Section 841(b)(1)(B) applies to drug offenses involving 500 grams or more of cocaine, Section 841(b)(1)(A) applies to offenses involving 5 kilograms or more of the drug.  The

penalty provisions of subsection (A) accordingly call for longer base sentences than subsection (B).  However, for purposes of the Motion under consideration in this case, the penalty enhancement provisions of subsection (A) are, in all material respects identical to those in subsection (B), i.e., both subsections call for enhancement of penalties for one or more previous felony convictions that have become final.

Smith appealed both his conviction and his sentence. As to the impropriety of his sentence, Smith argued that the district judge erred in enhancing his sentence. The basis of Smith's argument was virtually identical to that of Defendant Petros in this case. Relying on the "conviction that has become final" language in the penalty enhancement provisions of Section 841(b)(1)(A)—which is the same language in Section 841(b)(1)(B) that Petros relies upon here—Smith argued that the imposition of probation under D.C.'s Youth Act with its conditional expungement of conviction language (which is identical to that of the Michigan first offender statute) prevented his first conviction from attaining the requisite finality to trigger penalty enhancement. Under Smith's reading of the D.C. Youth Act, his probated sentence would remain not "final" unless the sentencing court affirmatively revoked the probation, or set aside or expunged the conviction. The Court characterized Smith's argument as "imaginative", but nonetheless, rejected it:

> We discern no intent in the [D.C. Youth Rehabilitation] Act to alter the finality of a conviction in the sense relevant here.... Smith's counsel acknowledged at oral argument that, under his reading of the statutory scheme, a judgment of conviction attended by probation would remain not "final" unless the court affirmatively revoked the probation, or set aside or expunged the conviction. We think this reading imaginative but unacceptable. Several of our sister circuits have concluded that section 841(b)(1)'s finality requirement is designed to prevent enhancement based on a prior conviction that remains subject to direct attack. See *United States v. Lippner*, 676 F.2d 456 (11th Cir.1982); *Williams v. United States*, 651 F.2d 648 (9th Cir.

1981); *United States v. Allen*, 566 F.2d 1193 (3d Cir.1977), cert. denied, 435 U.S. 926 [98 S.Ct. 1491, 55 L.Ed.2d 519] (1978).[8] *Once avenues of appeal have been exhausted, or the time to appeal has expired, the judgment becomes final in the sense that word is used in section 841(b)(1)(A).*

The D.C. Circuit's holding in *Smith* mirrors that of the Fifth Circuit in *United States v. Morales*, 854 F.2d 65 (5th Cir. 1988). (Curiously, Defendant Petros relies upon *Morales* as support for his "no final conviction" argument. However, the case does *not* support his position, but rather supports a ruling in favor of application of his state court plea for penalty enhancement purposes.)

In *Morales*, the defendant had pleaded guilty in state court in Texas to felony possession of marihuana. The offense carried a penalty of five years confinement. Morales' sentence of confinement, however, was suspended and five years probation was imposed. There was no appeal of the sentence.

Morales was subsequently convicted by a jury for possession with intent to distribute 386 pounds of marihuana in violation of 21 U.S.C. § 841. The trial judge imposed the maximum sentence prescribed by Section 841(b)(1)(B) because of his prior state court guilty plea. Morales argued—just as Defendant Petros does in this case—that because of his probated sentence, he did not have a "prior conviction that had become final" to entitle the trial judge to impose an enhanced sentence.

The appellate court rejected his argument. Noting that the Third, Ninth and Eleventh Circuits have read the final conviction language of Section 841(b)(1)(B) to exclude convictions subject to direct appeal [*see* cases cited by the *Smith* court and

---

**8.** In *Lippner* and *Allen*, the courts held that a conviction pending appeal is not a conviction that "has become final" for purposes of the penalty enhancement provisions of Section 841(b)(1)(B). In *Williams*, the court held that a prior conviction was not final for enhanced sentencing purposes while certiorari review was pending. All three of these courts reasoned that convictions pending appellate review should not

be deemed final convictions for enhanced sentencing purposes because of the possibility that courts would have to reopen cases to resentence defendants when after sentencing, their prior convictions which had been used for enhancement purposes (that had been pending appeal at the time of the original sentencing) were subsequently reversed.

note 8, *supra*], the *Morales* court explained:

> We have previously held that persons given probated sentences for Texas felony convictions, whether the probations are still pending, *United States v. Lehmann*, 613 F.2d [130] at 135 [(5th Cir. 1980)], or successfully completed, *United States v. Padia*, 584 F.2d 85 (5th Cir.1978), are persons "convicted" for purposes of [the felon-in-possession of a firearm statute] 18 U.S.C. Section 922(g), (h) (1982). The rationale of those precedents furnish guidance today.
>
> \*   \*   \*   \*   \*   \*
>
> We agree with our colleagues [in the Third, Ninth and Eleventh Circuits] and now hold that the final conviction language of Section 841(b)(1)(B) applies to a conviction which is no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appeal.... Morales did not appeal his Texas felony conviction and the time for doing so has passed; thus, for federal sentencing enhancement purposes under Section 841(b)(1)(B), that conviction has become final. The trial court did not err in sentencing Morales.

854 F.2d at 68–69.

Like the defendant in *Morales*, Defendant Petros' did not appeal his Michigan Recorder's Court sentence of two years probation and the time for doing so has long passed. Thus, to the extent that Petros purports to rely upon the fact that (1) he pleaded guilty, (2) that he was sentenced to probation, and (3) that the Michigan first offender statute has conditional expungement of record language, under *Morales* and *Smith*, Petros' state court plea pursuant to M.C.L. § 333.7411 constitutes a "final conviction" triggering the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B).

*Morales* and *Smith* are not the only cases supporting this conclusion. As the *Morales* court observed, the issue of whether a defendant's prior plea of guilty pursuant to a state statute providing for expungement of convictions upon completion of a term of probation constitutes a "final conviction" has arisen in several "felon-in-possession of firearms" cases arising under section 922 of the Gun Control Act of 1968, 18 U.S.C. § 922(g) and (h), and these cases further support enhancement of Petros' sentence in this case.

Section 922 of the Gun Control Act makes shipment, receipt and possession of firearms illegal for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) and (h)(1). In several Section 922 cases, defendants argued that their having previously pleaded guilty to felony offenses and having been given probated sentences under expunction statutes similar to the Michigan first offender statute in this case did not establish that they had been "convicted" for purposes of establishing a violation of Section 922(g) or (h).[9] One such case made its way to the United States Supreme Court, and that case is particularly instructive for purposes of this action.

In *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), David Kennison, the chairman of the board of directors of New Banner Institute, Inc., a South Carolina based corporation, had been arrested and charged in Iowa in 1974 with kidnapping his estranged wife and carrying a concealed handgun. After plea negotiation he pleaded guilty to the state crime of carrying a concealed weapon and the kidnapping charge was dismissed. The concealed weapon offense, under then-existing Iowa law, was punishable by a fine of not more than $1,000 or by imprisonment for not more than five years, or both. Kennison pleaded guilty and was

---

**9.** *See, e.g., Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); *United States v. Crochet*, 788 F.2d 1061 (5th Cir.1986); *United States v. Cabrera*, 786 F.2d 1097 (11th Cir.1986).

sentenced pursuant to an Iowa statute [10] that in all material respects is virtually identical to the Michigan first offender statute involved in the instant action, i.e., he pleaded guilty, and the court deferred his sentence and placed him on probation.

Kennison returned to South Carolina and completed his probation term. When his term of probation expired in February 1976, he was discharged pursuant to Iowa law then in effect, and the Iowa court's record with reference to the deferred judgment was expunged.

In May 1976, Kennison filed an application on behalf of his corporation, New Banner Institute, Inc., with the Bureau of Alcohol, Tobacco and Firearms for a license as a dealer in firearms and ammunition. On the application form, Kennison was listed as the individual possessing direct or indirect power to control the corporation's management and policies. In answering an inquiry on the form as to whether Kennison had been convicted of a crime punishable by a prison term exceeding one year, no disclosure of the Iowa events or Kennison's guilty plea was made. The requested license was issued. The Bureau, however, subsequently learned of the Iowa concealed weapon charge and the guilty plea and revoked the licenses.

Kennison appealed the revocation through the Bureau's administrative procedures and a hearing was conducted before an Administrative Law Judge ("ALJ"). The ALJ concluded that Kennison's plea of guilty "represented a conviction within the meaning of Section 922(g) and (h)." 103 S.Ct. at 990. Kennison appealed the ALJ's decision to the U.S. District Court for the District of South Carolina. On cross-motions for summary judgment, the Bureau's motion was granted. *Id.* Kennison then

appealed the matter to the Fourth Circuit Court of Appeals. The Fourth Circuit reversed. It concluded that although Kennison had been "convicted" of an offense that triggered firearms disabilities, that fact could not serve a predicate for a Gun Control Act violation or license revocation because the conviction had been expunged under the Iowa deferred judgment procedure. *Id.*

The Supreme Court granted certiorari and ultimately reversed the Court of Appeals. The *Dickerson* Court first held that insofar as a "conviction" is concerned, there is no difference between a plea of guilty and a jury verdict of guilty:

> *A plea of guilty* differs in purpose and effect from a mere admission or an extrajudicial confession; it *is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.* [Citations omitted.]

103 S.Ct. at 992. [Emphasis added.]

The Court then went on to examine the effect of the state court's deferral of Dickerson's sentence and the imposition of a term of probation. The Court determined that a probated sentence does not change the nature of a plea of guilty:

> The state judge who noted Kennison's plea placed him on probation. To be sure, there was no written adjudication of guilt and there was no formal pronouncement of a sentence of imprisonment for a specified term. But that was due to special provisions of Iowa statutory law and procedure. It was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the status imposes disabilities on one convicted of "a crime punisha-

10. Kennison was sentenced pursuant to Iowa Code Section 789A.1. The pertinent provisions of that Iowa statute at the time of Kennison's guilty plea read as follows:

The trial court may, upon a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered exercise either of the options contained in subsections 1 and 2....
1. With the consent of the defendant, the court may defer judgment and place the de-

fendant on probation upon such terms and conditions as it may require. Upon fulfillment of the terms of probation the defendant shall be discharged without entry of judgment. Upon violation of the terms, the court may enter an adjudication of guilt and proceed as otherwise provided....
103 S.Ct. 988–989 n. 3, *quoting,* Iowa Code 789A.1(1).

ble by imprisonment for a term exceeding one year." *It is also plain that one cannot be placed on probation if the court does not deem him to be guilty of a crime ....*

*Id.*

The *Dickerson* Court's analysis, however, did not end there because, as explained above, Dickerson had successfully completed his term of probation and, as a result, his record was completely expunged of the Iowa events, his plea, and his term of probation.[11] In this regard, the Court held that "expunction under state law does not alter the historical fact of the conviction ...," 103 S.Ct. at 993, and, as a result, the Court held that Dickerson's conviction, although it had been expunged pursuant to Iowa law, was nonetheless a "conviction" for purposes of violation of, and disabilities under, 18 U.S.C. § 922.

The Supreme Court's ultimate holding in *Dickerson* was premised on its determination that since the expunction of the record of Dickerson's plea, deferred sentence and term of probation was accomplished by application of Iowa law, it was irrelevant for purposes of determining disabilities due to a "conviction" under the federal Gun Control Act. ("Whether one has been 'convicted' within the language of the gun control statutes is necessarily, as the Court of Appeals in the present case recognized, a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State." 103 S.Ct. at 991.)

However, Congress amended the Gun Control Act in 1986 and added a definition in Section 921 as to what constitutes a "conviction" for purposes of Section 922. The 1986 amendment overrules *Dickerson* to the extent that the Supreme Court stated that what constitutes a conviction is to be determined by federal and not state law. Section 921(a)(20), as amended by the 1986 Firearms Owners' Protection Act, now provides:

What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Congress has not similarly amended the drug statutes.

However, even if the Court decides that this amendment to the Gun Control Act should, by analogy, apply in sentencing Petros, application of the amendment would still mandate enhancement of his sentence in this case.

Under Michigan law, a sentence of probation is a final judgment of conviction. *Calhoun v. Macomb Circuit Judge*, 15 Mich. App. 416, 417, 166 N.W.2d 657 (1968). *See also, People v. Rose*, 117 Mich.App. 530, 324 N.W.2d 25 (1982). Furthermore, under the plain language of M.C.L. § 333.7411, it is only upon fulfillment of the terms and conditions of his probation that Petros' state-court guilty plea and probated sentence will be deemed a discharge and dismissal without adjudication of guilt and not a conviction for purposes of disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for a second or subsequent convictions.

Here, Petros committed, was indicted on, and pleaded guilty to the federal drug offense while he was still serving his State court-imposed probation sentence. Thus, a determination of a prior felony conviction that has become final in Petros' case is even more persuasive here than in *Dickerson*. Note also that the terms of Petros' probation, as set forth in the Recorder's

---

**11.** Note this salient factual difference between *Dickerson* and this case. Here, Petros' record

has not been expunged.

Court Order of Probation attached to the Government's Brief as Ex. 3, provide that Petros is to have "No contact with drugs or anyone who has drugs." It is, therefore, apparent that unlike Mr. Kennison in the *Dickerson* case, Petros has quite obviously not successfully completed his term of probation and, the record of his State court plea and probated sentence has not been— and it is inconceivable to believe that it will ever be—expunged. Thus, any argument that the 1986 amendments to the Gun Control Act preclude the Court from enhancing Petros' sentence is without merit. Quite the contrary, the amendments further support the propriety of imposing an enhanced penalty in this case.

Finally, this result is not only grounded in solid law, but also in the public policy reasons supporting both the state and federal statutes at issue. Basically, the Defendant here is trying to "bootstrap" the benefits of the Michigan First Offender Statute to avoid the sanctions—and the public policy—behind the penalty enhancement provisions contained in the federal statute. To permit this would, effectively, allow first offenders under state law not only a second bite at the apple by essentially treating the first (state-based) offense as not having existed, but also would completely frustrate the policy behind the enhancement provisions of the federal statute, i.e., to penalize and deter repeat offenders.

The only rational policy basis for the Michigan First Offender Statute is to allow first offenders, who are often youthful, an opportunity to straighten themselves out on the road of life without the baggage of a drug conviction on their record. In other words, it is meant as an incentive to learn a lesson which is meant to be taken to heart by first-time offenders. It is clearly not meant to provide them with a technical legal advantage if, not having learned a lesson, they continue their criminal conduct.

Here, Defendant Petros clearly did not learn his lesson and take advantage of the opportunity provided by state law. This Court will not allow him to frustrate the policy reasons underlying both state and federal law by overly technical legal arguments.

## V. CONCLUSION

For all of the foregoing reasons, Defendant Petros' Motion for an Order Declaring his Prior State Controlled Substance Plea Invalid for Purposes of the Enhanced Penalty Provisions of 21 U.S.C. § 841 be DENIED, and the Court will, therefore, sentence him with the enhanced penalty that he agreed to in his Rule 11 Agreement.