*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0010p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

TIMOTHY MILLER,

        *Defendant-Appellant.*

Nos. 04-5834/6116

>

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
Nos. 02-00073; 03-00046—Karen K. Caldwell, District Judge.

Argued: October 31, 2005

Decided and Filed: January 11, 2006

Before: DAUGHTREY and COLE, Circuit Judges; BARZILAY, Judge.[*]

---

### COUNSEL

**ARGUED:** Michael J. Stengel, STENGEL LAW OFFICE, Memphis, Tennessee, for Appellant. Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** Michael J. Stengel, STENGEL LAW OFFICE, Memphis, Tennessee, for Appellant. Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

DAUGHTREY, J., delivered the opinion of the court, in which COLE, J., joined. BARZILAY, J. (pp. 5-6), delivered a separate dissenting opinion.

---

### OPINION

---

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this sentencing appeal, we are asked to determine whether a sentence of probation under Georgia's first-offender drug sentencing scheme constitutes a "prior conviction for a felony drug offense [that] has become final," as provided in 21 U.S.C. § 841(b)(1)(A). The district court held that defendant Miller's Georgia conviction triggered application of § 841(b)(1)(A), the effect of which was to double the mandatory minimum sentence for his federal conviction under § 841(a) from ten years to 20 years. Miller appeals the sentencing

---

      [*]The Honorable Judith M. Barzilay, Judge for the United States Court of International Trade, sitting by designation.

order, conceding that the "deferred adjudication of guilt" entered in the Georgia case was a "prior conviction for a felony drug offense," but contending that the Georgia conviction never became "final" and was therefore not properly considered in calculating his sentence in this case.[1]   Because we find no error in the sentencing order, we affirm the district court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Timothy Miller was initially indicted on one count of conspiracy to possess with intent to distribute methamphetamine; four counts of possession with intent to distribute and distribution of methamphetamine; one count of possession with intent to distribute and distribution of oxycodone; and carrying a firearm during and in relation to a drug trafficking crime.   That indictment also included a forfeiture provision covering $1,418 in cash, a .32 caliber pistol, and a box of .32 caliber ammunition.   When Miller later failed to appear for trial, he was arrested and indicted for failure to appear in violation of 18 U.S.C. § 3146(a)(1).   He eventually pleaded guilty to all counts in both indictments.

Prior to sentencing on the drug-trafficking counts under 21 U.S.C. § 841(a), the government filed notice pursuant to 21 U.S.C. § 851 of its intent to seek an enhanced punishment under 21 U.S.C. § 841(b)(1), which provides, in relevant part:

> [A]ny person who violates subsection (a) of this section shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . .  If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .

21 U.S.C. § 841(b)(1)(A).   The § 851 notice established that the defendant had pleaded guilty to possession of amphetamine in a Georgia state court in 1986 and was sentenced to two years probation under the state's first offender statute.   According to a transcript of the sentencing hearing, the state court judge explained the alternative sentencing scheme in this way:

> [T]echnically the Court would withhold adjudication of guilt which means technically I don't impose a finding of guilt on you.  I impose sentence but really - - it's not like a judgment or a criminal judgment.  That's withheld.  If you don't get into any trouble and don't violate the law or your probation for the next two years, then you won't have any record.  It will be just like you never had a record at all on this.

The defendant's presentence report indicates that he was not convicted again until he was charged with the offenses in this case.

Given the defendant's 1986 conviction, the district court felt constrained to impose the mandatory minimum sentence of 20 years in prison required by statute, while at the same time recognizing that the result seemed "particularly harsh" in terms of the passage of time since the prior conviction and "in view of the language the [state] court used in sentencing this defendant, assuring him that he would have no criminal record whatsoever."   Nevertheless, the court recognized that it

---

[1]The dissenting judge on the panel concludes that Miller's sentence should not have increased under the statute because there was no prior "conviction" under Georgia law.  However, Miller has conceded in his brief on appeal that this issue is controlled by federal law, citing *Deal v. United States*, 508 U.S. 129 (1993), in which the Supreme Court held that the term "'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction."  *Id*. at 132.  Thus, the question presented here is not whether Miller has a "prior conviction" on his record for purposes of enhanced sentencing but whether that conviction ever became "final," as discussed in this opinion.

was "obligated to follow the law, whether we agree with it or not."   As a result, the defendant received concurrent 240-month sentences on the drug-trafficking counts and a 60-month consecutive sentence on the weapons count, for a total effective sentence of 300 months.

The defendant now appeals the district court's sentencing order with regard to his drug convictions.

## DISCUSSION

The defendant claims that the district court erred in imposing a 20-year minimum sentence on the basis of his 1986 conviction on the ground that, under the terms of the Georgia first offender statute, it never became "final" as required by 28 U.S.C. § 841(b)(1).  Contending that "there is a distinction between a prior conviction and a prior conviction that has become final," the defendant points out that a formal judgment of conviction was never entered in the Georgia case and argues from this fact that his prior conviction cannot be considered "final" for purposes of sentencing under § 841(b).

This argument is not supported by either state or federal law.  The Georgia penal code contains a first-offender sentencing provision that permits a two-year probationary period in lieu of incarceration.  Successful completion of probation entitles a first-offender to "be discharged without court adjudication of guilt" and, as a result, "the defendant shall not be considered to have a criminal conviction."  GA. CODE ANN. § 42-8-62(a).[2]  For purposes of interpreting § 841(b)(1), however, "'the meaning of the phrase "[has] become final" is a question of federal law rather than state law.'" *United States v. Walker*, 160 F.3d 1078, 1093 (6th Cir. 1998) (quoting *United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir. 1997)).  Moreover, we have joined other federal circuit courts in adopting the standard for determining finality:  a conviction becomes final for the purpose of sentencing when the time for taking a direct appeal from the judgment of conviction has expired. *Walker*, 160 F.3d at 1093.  *See also United States v. Lovell*, 16 F.3d 494, 497 (2nd Cir. 1994) (collecting cases from other circuits).

Moreover, contrary to the defendant's contention, his 1986 state conviction could and did become final under Georgia state law.  In 1985, the Georgia Court of Appeals ruled that "first offender status takes the place of a 'sentence' and once imposed upon a criminal defendant, his case assumes the mantle of finality necessary to bring a direct appeal of his conviction . . . ." *Dean v. State*, 338 S.E.2d 711, 712 (Ga. Ct. App. 1985).  Hence, Miller was entitled to appeal his conviction as of the date of his sentence, February 12, 1986.  *See* Ga. Code Ann. § 5-6-34.  The time for doing so expired 30 days later, on March 12, 1986.  Ga. Code Ann. § 5-6-38.  His conviction was certainly "final" under the First Offender Act on that date, both under state law and for purposes of federal sentencing.  *See United States v. Petros*, 747 F.Supp. 368, 372 n.8 (E.D.Mich. 1990), cited with approval in *United States v. Hughes*, 924 F.2d 1254 (6thCir. 1991); *see also United States v. Smith*, 897 F.2d 1168 (D.C. Cir. 1990) (this construction of finality applies equally to first offender sentences of probation); *United States v. Morales*, 854 F.2d 65 (5th Cir. 1988) (same).

It has long been recognized that alternative sentencing such as that utilized by Georgia in its first-offender provision does not prevent the underlying offense from being treated as a prior

---

[2]At the time of Miller's state court conviction, the Georgia first offender statute provided as follows: (a) Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:

(1) Defer further proceeding and place the defendant on probation as provided by law; or
(2) Sentence the defendant to a term of confinement as provided by law.
Ga. Code Ann. § 42-8-60 (1988).

conviction for purposes of federal sentencing statutes.  *See*, *e.g*., *Dickerson v. New Banner Institute Inc.*, 460 U.S. 103 (1983); *United States v. Hagins*, 267 F.3d 1202, 1208 (11th Cir. 2001); *Cisneros*, 112 F.3d at 1272, 1282.  As the court noted in *Petros*, the policy behind state first-offender provisions and similar alternative sentencing statutes is "to allow first offenders, who are often youthful, an opportunity to straighten themselves out on the road of life without the baggage of a drug conviction on their record" and is meant "as an incentive to  learn a lesson . . . [but] is clearly not meant to provide them with a technical legal advantage if, not having learned a lesson, they continue their criminal conduct."  747 F. Supp. at 376.  In the wake of continued criminal conduct, first-offender sentences are considered "prior offenses" under § 841 that become "final" at the point at which they are no longer appealable.

## *CONCLUSION*

For the reasons set out above, we conclude that the district court did not err in calculating the defendant's sentence in this case, and we therefore AFFIRM the judgment entered by the district court.

_____

**DISSENT**
_____

JUDITH M. BARZILAY, Judge.  I respectfully dissent as I believe that the central issue in this case is whether Miller's 1986 guilty plea to narcotics possession in a Georgia court that resulted in a two-year probation under the state's first offender act was a "conviction" under 21 U.S.C. § 841(b)(1)(A).**[1]**

Section 841(b)(1) provides for sentence enhancement where the defendant commits the federal violation "after a prior *conviction* for a felony drug offense has become final . . . ."  21 U.S.C. § 841(b)(1)(A) (emphasis added).  Miller pleaded guilty to a violation of the Georgia Controlled Substance Act in 1986 and was placed on two years of probation as a first time offender. J.A. 159.

Under federal law and the United States Constitution, a state's interpretation of its laws must be given full faith and credit.  28 U.S.C. § 1738 ("The Acts of the legislature of any State . . . . and judicial proceedings of any court of any such State . . . . shall have the *same* full faith and credit in *every court within the United States* and its Territories and Possessions as they have *by law or usage in the courts of such State*, Territory or Possession from which they are taken.") (emphasis added); *see* U.S. CONST. art. IV, § 1.  Thus, the Georgia State Supreme Court has ultimate say over the meaning and effects of Georgia law.  As the majority concedes, the Georgia first offender statute provides that

> Upon fulfillment of the terms of probation, . . . the defendant shall be discharged without court adjudication of guilt. [This] discharge shall *completely exonerate* the defendant of any criminal purpose and shall not affect any of his or her civil rights or liberties; and the defendant *shall not be considered to have a criminal conviction*.

GA. CODE ANN. § 42-8-62(a) (emphasis added).  According to the statutory text, a defendant, such as Miller, who successfully completes his probation period will not have a criminal conviction on his record.  Underscoring this purpose, the Georgia Supreme Court likewise held that "[a]ny probationary sentence entered under this Act is preliminary only, and, if completed without violation, permits the offender complete rehabilitation *without the stigma of a felony conviction*." *State v. Wiley*, 233 Ga. 316, 317, 210 S.E.2d 790, 791 (1974), *on remand* 133 Ga. App. 712, 213 S.E.2d 15 (1975) (emphasis added); *see Davis v. State*, 269 Ga. 276, 496 S.E.2d 699 (1998) (underlying humanitarian purpose of first offender statutes is to protect first offender from stigma of having criminal record unless adjudication of guilt entered for crime for which defendant was given first offender treatment); *see also Jones v. State*, 212 Ga. App. 682, 442 S.E.2d 880 (1994) (prior first offender record may not be used to sentence defendant as recidivist for later crime if conditions of probation under prior first offender treatment fulfilled and defendant discharged without adjudication of guilt).

In the case at bar, Miller completed his probation sentence, and there is no evidence that he violated his probation or that his guilt was adjudicated.  Under Georgia law, he therefore does not

_____

**[1]**Because determining whether a conviction exists is a question of law rather than fact, that Miller's attorney apparently conceded that Miller had a conviction can have no bearing on this Court's decision.  *See McKoy v. North Carolina*, 494 U.S. 433, 445-46 (1990) (Blackmun, J., concurring); *Shields v. Reader's Digest Ass'n, Inc.*, 331 F.3d 536, 544 n.8 (6th Cir. 2003) ("[B]ecause the parties have asked us to resolve legal questions on appeal, any concessions or assumptions by the Defendants are of no consequence to our analysis.").  It is the role of the courts, not the parties, to decide the law, and a court cannot simply acquiesce to an erroneous legal concession that then becomes precedent.  *Cf. McKoy*, 494 U.S. at 446 (Blackmun, J., concurring).

have a conviction for his violation of the Georgia Controlled Substance Act in 1986. Consequently, Miller cannot qualify for a 21 U.S.C. § 841(b)(1) sentence enhancement without our completely disregarding 28 U.S.C. § 1738.

In addition, the case law the majority cites, which construes violations of first-time offender statutes as "convictions" proves factually distinguishable from the instant case. In *Dickerson v. New Banner Inst., Inc.*, the Supreme Court ruled only on the meaning of "conviction" in the Gun Control Act of 1968 and explicitly stated that "the terms 'convicted' or 'conviction' do not have the same meaning in every federal statute." 460 U.S. 103, 112 n.6 (1983). In *Dean v. State*,[2] the Georgia Court of Appeals entered adjudication of guilt for the defendant because he violated the terms of his probation–something Miller did not do. 177 Ga. App. 123, 123-24, 338 S.E.2d 711, 712 (1985). Likewise, *United States v. Petros* concerned a defendant's violation of federal law while on probation stemming from first-time offender statute. 747 F. Supp. 368 (E.D. Mich. 1990). Given the terms of the Georgia statute, which turns upon a defendant's behavior during the probationary period, these cases do not speak to the statute's effect when a defendant successfully completes his probation, as did Miller.[3]

Therefore, I would return this case to the district court for resentencing.

---

[2] In *Dean v. State*, the Georgia Court of Appeals also focused on the interpretation of GA. CODE ANN. § 42-8-64, which provides that "[a] defendant sentenced pursuant to this article shall have the right to appeal in the same manner and with the same scope and same effect *as if* a judgment of conviction had been entered and appealed from." GA. CODE ANN. § 42-8-64 (emphasis added). The court lifted the term "conviction" from the statute, removed it from its context, and then seemingly equated "conviction" with a "sentence." *Dean*, 177 Ga. App. at 124, 338 S.E.2d at 712. This ambiguous use of the term then found its way into the majority opinion.

[3] It is important to note that the issue of whether Miller has a conviction involves an inquiry analytically distinguishable from, for example, whether a state law crime labeled a misdemeanor under state law and a felony under federal law constitutes a felony for federal law purposes. *See, e.g.*, *United States v. Rojas-Carillo*, No. 04-1743 slip op. at 6 (6th Cir. Nov. 17, 2005) (noting that Michigan designation of crime as "misdemeanor" does not preclude its classification as "felony" under federal law). This latter scenario exemplifies the phenomenon of predication, where "misdemeanor" and "felony" merely serve as descriptive labels of the undisputedly same criminal act. The case at hand, however, brings into question the inherent nature, or identity, of the subject matter: Is the end result of the Georgia statutory scheme in Miller's case a conviction?