**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0717n.06

No. 13-2406

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Sep 11, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| FAHED IDAN HAMAD, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SUTTON and KETHLEDGE, Circuit Judges; ROSENTHAL, District Judge.[*]

PER CURIAM.  Fahed Idan Hamad was convicted in 2013 of conspiring to rob a pharmacy at gunpoint to get prescription drugs to sell.  The district court sentenced him as a career offender, imposing a 210-month prison term.  He appeals his sentence on one ground: that one of the two predicate convictions could not be counted toward career-offender status.  We review a district court's decision that a prior conviction is a predicate offense for career-offender status de novo, *see United States v. Baker,* 559 F.3d 443, 450 (6th Cir. 2009), and we affirm.

Hamad was 16 in 2008 when he shot a rifle 17 times at two individuals and was indicted for felony assault.  He was classified as an adult under Michigan law but allowed to plead guilty under

---

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

a Michigan judicial diversionary program known as the Holmes Youthful Trainee Act (HYTA). M.C.L. 762.11. That program permits young offenders to plead guilty but avoid having judgment entered on their convictions unless their youthful-trainee status is terminated or revoked before they are released from the program.

Hamad pleaded guilty to assault in 2009. Judgment was deferred under the HYTA, conditioned on his compliance with the terms of the youthful-trainee program. Hamad's youthful-trainee status was revoked when he was convicted of a home invasion — another felony crime of violence — in 2010, and judgment was entered on his 2009 guilty plea and conviction for assault.

In 2013, a jury found Hamad guilty of robbing the pharmacy at gunpoint and convicted him of conspiracy to interfere with commerce by robbery and conspiracy to possess controlled substances with the intent to distribute them, in violation of 18 U.S.C. § 1951 and 21 U.S.C. § 841. The federal district court considered the 2009 and 2010 state felony convictions in sentencing Hamad as a career offender under § 4B1.1 of the Sentencing Guidelines. Hamad argues that the 2009 assault conviction is not a predicate conviction because he was statutorily ineligible for the deferred adjudication he received under the HYTA after he pleaded guilty.

Hamad is correct that when he pleaded guilty in 2009, he was ineligible for the HYTA diversionary program. The HYTA statute covers individuals who plead guilty to a "criminal offense committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday. . . ." M.C.L. 762.11. Hamad was 16 when he committed the assault. But while he is right about being statutorily ineligible for the diversionary program, he is wrong that this prevented the federal court from using his 2009 conviction as one of the two predicate offenses to establish federal career-offender status.

Federal law determines whether a state criminal offense is a prior conviction that can serve as a qualifying offense for a sentencing enhancement under federal sentencing statutes. *See United States v. Pritchett*, 749 F.3d 417, 424 (6th Cir. 2014). Federal law is clear that "a guilty plea alone is enough." *Id*. at 425 (quoting *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 112 (1983)). The Sentencing Guidelines state that while diversion without a finding of guilt is not counted as an offense for a Sentencing Guidelines enhancement, a guilty plea or other finding of guilt is counted, even if a conviction is not formally entered. U.S.S.G. § 4A1.2(f). A juvenile adjudication may also serve as a prior conviction under the Guidelines. U.S.S.G. § 4A1.2(d) and comment (n.7). In *Pritchett*, this court joined other circuits in holding that a deferred, expunged, or dismissed state conviction resulting from a state judicial diversionary program counts as a prior conviction for enhancement under 21 U.S.C. § 841(b)(1)(A). 749 F.3d at 427. A diversionary disposition resulting from a guilty plea is counted as a conviction that can enhance a sentence, even if judgment is never entered. *Id.*, 749 F.3d at 424–25; *see also United States v. Graham*, 622 F.3d 445, 460 n.15 (6th Cir. 2010) (noting that this circuit has "rejected the argument that a first-offender status adjudication resulting in a sentence of probation is not a 'prior conviction for a felony drug offense [that] has become final' for § 841 purposes" (quoting *United States v. Miller*, 434 F.3d 820 (6th Cir. 2006)). In *Pritchett*, the court noted that a "prior conviction" is treated the same under § 4B1.1 of the Sentencing Guidelines and 21 U.S.C. § 841(b)(1)(A). 749 F.3d at 426. This case is even easier than the guilty plea without judgment discussed in *Pritchett* because the state court did enter judgment on Hamad's guilty plea and conviction.

Hamad's argument that the state court lacked jurisdiction to enter the judgment because he was not eligible for the diversionary disposition is without merit. To the extent this argument is a

collateral attack on the state-court conviction, it is barred because he has not identified a statute allowing such an attack, claimed a denial of his right to counsel, or shown that the state court vacated the conviction. *See Custis v. United States*, 511 U.S. 485 (1994). And Hamad's jurisdictional argument ignores the fact that while state law made him ineligible for the youthful-trainee program, he was charged as an adult. There is no basis to conclude that the state court lacked jurisdiction to accept his guilty plea or, after he committed another violent felony, to enter the deferred judgment of conviction.

The district court properly found Hamad to be a career offender. We affirm.