Filed:  March 18, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Nos. 96-4648(L)
(CR-95-193)

United States of America,

Plaintiff - Appellee,

versus

Demetrius Marcus Williams, etc., et al,

Defendants - Appellants.

O R D E R

The Court amends its opinion filed March 5, 1998, as follows:

On page 2, section 1 -- the appellant's name is corrected to read "ROBERT LEE WINFIELD, JR., a/k/a Tubbs."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4648

DEMETRIUS MARCUS WILLIAMS, a/k/a
Meat,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4649

LORENZO LEE WINFIELD, a/k/a Geek,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4650

TAUBARI OLANYAN LATSON, a/k/a
Tabar,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4651

JOHN LEE COBBS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ROBERT LEE WINFIELD, JR., a/k/a
Tubbs,
Defendant-Appellant.

No. 96-4652

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert E. Payne, District Judge.
(CR-95-193)

Argued: August 14, 1997

Decided: March 5, 1998

Before RUSSELL,* Circuit Judge, HALL, Senior Circuit Judge, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Orlando Broccoletti, ZOBY & BROCCOLETTI,
Norfolk, Virginia; Robert Bryan Rigney, KNIGHT, DUDLEY,
CLARKE & DOLPH, P.L.C., Norfolk, Virginia; Richard William
Zahn, Jr., TAYLOR & WALKER, P.C., Norfolk, Virginia, for Appel-

_____

* Judge Russell heard oral argument in these cases but died prior to the
time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

2

lants. Laura P. Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Keith L. Kimball, SYKES, CARNES, BOURDON, AHERN & SHAPIRO, Virginia Beach, Virginia, for Appellant Latson; George A. DuBois, FEDERAL PUBLIC DEFENDER'S OFFICE, Raleigh, North Carolina, for Appellant Cobbs.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises out of a cocaine-base conspiracy operating in Portsmouth, Virginia between 1993 and 1995. A group of individuals selling crack cocaine in the River's Edge apartment complex worked as a coherent unit throughout this time. The group sold drugs in the same general area, deferred to each other when dealing with regular customers, and referred customers to each other when out of crack cocaine. The group also worked together to discourage other dealers, to threaten customers who failed to pay drug debts, and to punish customers with whom they had disputes. During the operational years of the conspiracy, the group was responsible for the shooting of at least six people, three of whom died of their wounds. Appellants were indicted in the District Court for the Eastern District of Virginia for participation in and various offenses arising out of this conspiracy.

At trial, a jury convicted Robert Winfield of participation in a continuing criminal enterprise, murder and attempted murder during the course of the continuing criminal enterprise, conspiracy to distribute cocaine base, and other offenses related to the use of firearms and cocaine base trafficking. The jury convicted Demetrius Marcus Williams, Lorenzo Lee Winfield, Taubari Olanyan Latson, and John Lee Cobbs of conspiring with Robert Winfield and each other to traffic in cocaine base. The jury also convicted Demetrius Williams on two

3

counts of distribution of cocaine base; Taubari Latson and Lorenzo Winfield of using and/or carrying a firearm during and in relation to a drug trafficking offense; John Cobbs of a crime of violence, namely the attempted murder of Darwin Eady, and of possession of cocaine with intent to distribute. The trial court sentenced Demetrius Williams and Lorenzo Winfield each to terms of imprisonment of 425 months, in total. The court sentenced Taubari Latson, John Cobbs, and Robert Winfield to life imprisonment with consecutive terms imposed for the firearms convictions. Demetrius Marcus Williams, Lorenzo Lee Winfield, Taubari Olanyan Latson, John Lee Cobbs, and Robert Winfield now appeal their convictions. Defendant Latson appeals his sentence as well.

Defendant Robert Winfield argues that the trial erred in admitting evidence of the November 4, 1993, murder of William Bales by Robert Winfield. We review assertions of evidentiary error on the part of the district court for abuse of discretion. United States v. Queen, 1997 WL 790470, *3 (4th Cir.); United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986). In order to prove a continuing criminal enterprise under 21 U.S.C. § 848, the United States must demonstrate a continuing series of narcotics violations "undertaken ... in concert with five or more persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management." (West 1997).

The district court admitted the evidence of the murder of William Bales for the purpose of demonstrating the leadership role of Robert Winfield in a continuing criminal enterprise and instructed the jury that the evidence of the murder was only to be considered as probative of the continuing criminal enterprise charge. The murder occurred in a public space in the presence of several witnesses, one of whom, Desmond Corbett, testified that the murder drew the River's Edge group closer than before. The evidence of the murder and its effect on the members of the conspiracy and how they viewed Robert Winfield is relevant to the issue of whether or not Robert Winfield operated in a leadership role in the conspiracy. The trial court did not abuse its discretion in admitting, with proper limiting instructions, the evidence of the murder of William Bales.

Appellant Latson objects that his sentence was improperly enhanced for two prior state felony drug convictions because the con-

4

victions were not final before the commission of the instant offense as required by Section 841(b)(1)(A) of Title 21 of the United States Code and because one of the convictions is related to the instant conspiracy.

We review statutory interpretation de novo. United States v. Phan, 121 F.3d 149, 153 (4th Cir. 1997); United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995). We review factual determinations in sentencing only for clear error. 18 U.S.C. § 3742(d). See United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995).

Section 841(b)(1)(A) states, "If any person commits a violation of this subparagraph or of section 849, 859, 860, 861 of this title after two or more prior convictions for felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence." (West 1997). A conviction is final and, therefore, becomes a factor for a sentencing enhancement, when all avenues of direct appellate review have been exhausted. See United States v. Campbell, 980 F.2d 245, 251 n. 9 (4th Cir. 1992); United States v. Morales, 854 F.2d 65, 69 (5th Cir. 1988).[1] Under Virginia law, a conviction is final thirty days after entry of the judgment of conviction. Id.

If the defendant ceased participation in the instant conspiracy before a felony conviction became final, that conviction should not be used for enhancement in the instant case. See, e.g., 21 U.S.C. § 841(b)(1)(A). Defendant Latson argues that one of the two prior fel-

_____

[1] "The Third, Fifth, Ninth and Eleventh Circuits have ruled that the final conviction language of section 841 applies to convictions that are `no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review.' Morales, 854 F.2d 65, 69. ... Virginia Supreme Court Rule 5A:6(a) provides: `No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal....'" Campbell, supra, 980 F.2d at 251.

ony drug convictions used by the court to enhance Latson's sentence did not become final until after the defendant's participation in the conspiracy ceased. However, a defendant is presumed to remain a participant of a conspiracy until that defendant takes affirmative action to withdraw from the conspiracy. See Hyde v. United States, 225 U.S. 347, 369-70 (1912); United States v. Sheffer, 896 F.2d 842, 844 (4th Cir. 1990); United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988). United States v. Walker explains:

> A mere cessation of activity in furtherance of the conspiracy is insufficient. United States v. Goldberg, 401 F.2d 644, 648 (2d Cir.1968), cert. denied, 393 U.S. 1099, 89 S.Ct. 895, 21 L.Ed.2d 790 (1969). The defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach his co-conspirators. United States v. United States Gypsum Co., 438 U.S. 422, 464-65, 98 S.Ct. 2864, 2887-88, 57 L.Ed.2d 854 (1978). The burden of proving withdrawal rests on the defendant. United States v. Gillen, 599 F.2d 541, 548 (3d Cir.), cert. denied, 444 U.S. 866, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979).

796 F.2d 43, 49 (4th Cir. 1986). Thus, the burden rests on defendant Latson to show a withdrawal from the instant conspiracy before the conviction became final.

The district court found that appellant continued active participation in the conspiracy until his incarceration. Testimony of several witnesses at trial indicated the defendant's continuous participation in the conspiracy until incarceration and the defendant offers no evidence of an affirmative action that he took to withdraw from the conspiracy. Defendant failed to controvert the evidence of the United States and to meet his burden of proof. We find no clear error in the district court's determination that Defendant Latson did not cease participation in the conspiracy until his incarceration on April 3, 1995.

Defendant Latson thus had two final drug felony convictions as of the date of termination of his participation in the instant conspiracy.**2**

---

**2** The district court properly did not consider a third felony drug conviction for which the defendant was sentenced on 25 May 1995, at which point the defendant's participation in the conspiracy had ceased.

6

On January 9, 1995, the state court entered two judgment orders sentencing the defendant in two separate cases for felony drug convictions in state court. The convictions became final thirty (30) days later, on February 10, 1995. Therefore, we find no error in the district court's determination that the defendant committed the instant offense after two prior felony drug convictions and the court's application of the enhancement required by 21 U.S.C. § 841.

Defendant Latson's allegation of error based on the fact that one of the offenses for which he had previously been convicted was part of the instant offense also fails to persuade. The Fourth Circuit has expressly sanctioned the use of a prior offense both as part of the federal conspiracy offense and as a sentencing enhancement. See United States v. Ambers, 85 F.3d 173, 177-78 (4th Cir. 1996).

All of the appellants appeal their convictions for conspiracy to distribute cocaine base, arguing that the conviction was not supported by sufficient evidence. Jackson v. Virginia instructs that a conviction should be upheld if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 318 (1979). The testimonial and other evidence adduced at the trial sufficiently established a basis on which the jury could have rationally determined that the defendants were guilty of a conspiracy. A conspiracy may exist in "a loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise or catering to the ultimate demands of a particular drug consumption market." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). The evidence in the instant case indicated a close interaction between the participants. They prepared the cocaine base for street sale in the same locations, deferred and referred customers to each other while selling, and behaved as a group in defending the prominence of the group in the River's Edge neighborhood. The defendants' conclusory statements that multiple conspiracies were proven by the defense finds no support in the record at trial. We, therefore, uphold the convictions of all of the defendants for a single conspiracy to distribute crack cocaine.

Defendants Lorenzo Winfield and Taubari Latson also object that there was insufficient evidence at trial to support their conviction for

7

use of a firearm in relation to drug trafficking. Section 924(c) of Title 18 of the United States Code provides, "Whoever, during and in relation to any ... drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years." (West 1997). The conviction under 18 U.S.C. § 924(c) was based primarily on the testimony of Mr. Robert Hendrix. Defendants argue that the witness was so unreliable that his testimony must be dismissed as a matter of law, and defendants' convictions along with it. However, as the case cited by the defendants themselves states, "The testimony of one eyewitness, even if he is a member of the criminal class and has no intrinsic credibility, is enough to convict in the absence of contrary evidence." United States v. Velasquez, 772 F.2d 1348, 1352 (7th Cir. 1985). The task of assessing the credibility of Mr. Hendrix lay with the jury, not with the court. United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995). The decision of the jury is supported by sufficient evidence. The convictions of Messrs. Lorenzo Winfield and Taubari Latson for use of a firearm in connection with a drug trafficking offense, 18 U.S.C. § 924(c), are upheld.

The court has considered the other issues raised by the appellants and finds them to be without merit. Accordingly, for the aforementioned reasons, the district court's order will be affirmed in its entirety.

AFFIRMED

8