**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edward Lee JACKSON, Defendant–
Appellant.**

**No. 01–1244.**

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2001.

Before GUY and MOORE, Circuit
Judges; HULL, District Judge.*

Edward Lee Jackson appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

In October 2000, Jackson pleaded guilty to being a felon in possession of a firearm in violation 18 U.S.C. § 922(g). The district court sentenced Jackson, as an armed career criminal under 18 U.S.C. § 924(e), to 195 months of imprisonment. (The judgment of conviction and sentence inaccurately indicates that he was *convicted* under § 924(e).).

On appeal, Jackson's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). A review of the *Anders* motion indicates that he appears to submit the following issues for review: 1) whether the district court improperly denied Jackson's motion to dismiss the charge that he violated § 922(g), because his civil rights had been restored; and 2) whether the district court properly sentenced Jackson as an armed career criminal because his prior escape conviction is not a crime of violence. Jackson has not responded to counsel's motion.

▆▆▆ Upon review, we conclude that the district court properly denied Jackson's motion to dismiss the § 922(g) charge because his civil rights had not been restored to him. The civil rights of a Michigan felon may be fully restored after the completion of his sentence, including the right to serve on a jury, vote and hold public office. *See Hampton v. United States*, 191 F.3d 695, 699–702 (6th Cir. 1999). Nevertheless, Jackson's argument is unavailing because he has not shown that his right to possess a firearm has been restored under state law. *See Caron v. United States*, 524 U.S. 308, 316–17, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998).

To recover the right to possess a firearm, a Michigan felon must satisfy the requirements of Mich. Comp. Laws § 750.224f, which provides in pertinent part that a person convicted of a specified felony shall not possess a firearm until the person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan Compiled Laws. *United States v. Ormsby*, 252 F.3d 844, 850 (6th Cir.2001). Jackson acknowledged that he did not file an application to have his right to possess a firearm restored. Hence, the district court properly denied his motion to dismiss the § 922(g) charge as he was subject to prosecution for being a felon in possession of a firearm.

▆▆▆ Jackson's argument that the district court improperly sentenced him as an armed career criminal is not reviewable because he waived his right to challenge whether his escape conviction constitutes a crime of violence. *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). When one knowingly waives his charged error, that challenge is forever foreclosed, and cannot be resurrected on appeal. *United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir.2000), *cert. denied*, 531 U.S. 1102, 121 S.Ct. 838, 148 L.Ed.2d 718 (2001). The record reflects that counsel originally asserted this issue in his written objections to the presentence investigation report. However, during the sentencing hearing, counsel expressly withdrew his objection concerning whether Jackson's prior escape conviction constitutes a crime of violence. Hence, the issue is not reviewable on appeal.

▆▆▆ Finally, we have reviewed the record and discovered no error warranting reversal of Jackson's conviction or sentence. Jackson entered a valid guilty plea.

**256**

*See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The record reflects that Jackson understood the rights he was waiving, that he understood the potential penalties associated with his crime, and that he acknowledged his guilt to the crime.

In addition, the district court properly calculated Jackson's sentence. Jackson's total offense level was 30 and he had a criminal history category of VI. This resulted in a guideline imprisonment range of 168–210 months. However, the statute requires a mandatory minimum sentence of 180 months. Thus, Jackson's guidelines range was 180–210 months. Moreover, the district court correctly noted that Jackson's plea agreement limited his sentence to the mid-point of the guidelines range, making Jackson's range 180–195 months. Jackson's sentence of 195 months of imprisonment was within the applicable guideline range.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.