*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0439p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
————————————————

RICHARD HAMBLEN,

*Petitioner-Appellant,*

*v.*

No. 09-5025

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 05-00226-001; 08-01034—Todd J. Campbell, Chief District Judge.

Argued: December 4, 2009

Decided and Filed: December 30, 2009

Before: SILER, GILMAN, and ROGERS, Circuit Judges.

————————————————

**COUNSEL**

————————————————

**ARGUED:** Jeffery S. Frensley, RAY & FRENSLEY, Nashville, Tennessee, for Appellant.
Blanche Bong Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee,
for Appellee. **ON BRIEF:** Jeffery S. Frensley, RAY & FRENSLEY, Nashville, Tennessee,
for Appellant. Matthew J. Everitt, ASSISTANT UNITED STATES ATTORNEY,
Nashville, Tennessee, for Appellee.

————————————————

**OPINION**

————————————————

SILER, Circuit Judge. Petitioner Richard Hamblen appeals the district court's denial
of his 28 U.S.C. § 2255 motion to vacate, claiming that his convictions for possession of
machine guns, in violation of 18 U.S.C. § 922(o), and possession of unregistered firearms,
in violation of 26 U.S.C. § 5861(d), are unconstitutional. Because the Second Amendment
does not confer an unrestricted individual right to keep and bear machine guns, we affirm
the district court's judgment and deny Hamblen's petition for relief.

# BACKGROUND

Hamblen enlisted in the Tennessee State Guard in 1999.[1]  The all-volunteer State Guard is one of four organizations within the Tennessee Department of the Military and is authorized by Tennessee statute.  The State Guard's mission is to augment the Tennessee National Guard, and it typically performs ceremonial duties.

The State Guard is authorized to become an armed force if it is activated by the governor of Tennessee.  Although it has been called into service, the State Guard has not recently been activated.  If activated, the governor of Tennessee is authorized to obtain weapons needed to equip the State Guard.  Tenn. Code Ann. § 58-1-405.

As volunteers in an honored, traditional form of service in Tennessee, all State Guard members are responsible for purchasing their own uniforms and other equipment, but they are not issued weapons.  The State Guard is, however, provided with twenty-one M16 rifles and ammunition for use during a three-day annual training session conducted by a State Guard commander.  State Guard policy prohibits members from either keeping State Guard weapons in their possession or carrying their own individual weapons in the course of their duty.

Hamblen believed that the State Guard might be activated and used as an armed force after September 11, 2001.  Because the State Guard had only a few weapons and over a thousand members, Hamblen concluded that the State Guard did not have the resources to perform its duties as an armed force and began looking for a means to better equip the State Guard.  He was aware that State Guard members were specifically instructed after September 11, 2001 not to carry weapons in connection with their duties.  Nevertheless, he purchased parts kits with his own funds and used his metalworking expertise to build nine machine guns.  On at least one occasion, Hamblen had members of his unit train with his 1919 A4 machine gun.  At the time, he knew that this training exercise violated State Guard policy.

_____

[1]This background statement is substantially taken from our unpublished opinion in *United States v. Hamblen*, 239 F. App'x 130 (6th Cir. 2007).

Hamblen never discussed his machine gun possession with his superiors at the State Guard, and no law enforcement officials or State Guard superiors knew of Hamblen's machine guns. Hamblen admitted that no one at the State Guard ever ordered or even authorized him to obtain any weapons for the State Guard. He also admitted that he knew that his possession of the machine guns violated the statutes under which he was convicted. He believed, however, that he was authorized to possess the machine guns because the U.S. Constitution provides an exception to gun control laws and gives people the right to possess militarily useful weapons for an armed force like the State Guard.

In 2004, Hamblen took steps to make his possession of the machine guns legal by obtaining a federal firearms license, which permitted him to sell pistols, revolvers, shotguns and rifles. However, he had not paid a special occupation tax that would have enabled him to deal in National Firearms Act weapons, such as machine guns. Moreover, none of the nine machine guns was ever registered to Hamblen in the National Firearms Registration and Transfer Record.

The Bureau of Alcohol, Tobacco, Firearms and Explosives began an investigation of Hamblen in 2004 after receiving information that he illegally possessed machine guns. When federal agents asked Hamblen whether he possessed automatic weapons, he admitted that he possessed some and directed the agents to a safe at the back of his building that contained the machine guns.

In 2005, Hamblen was charged in a two-count indictment for unlawfully possessing machine guns, in violation of 18 U.S.C. § 922(o), and possessing unregistered firearms, in violation of 26 U.S.C. § 5861(d). After trial, he was convicted on both counts of the indictment. The district court denied Hamblen's motion for judgment of acquittal, which was based on the allegedly unconstitutional infringement of Hamblen's Second Amendment rights that he claimed would result from his conviction under 18 U.S.C. § 922(o). In 2006, Hamblen was sentenced to a term of imprisonment of fifteen months for each count, to run concurrently, followed by a two-year period of supervised release.

Hamblen appealed his convictions and two concurrent sentences. *United States v. Hamblen*, 239 F. App'x 130 (6th Cir.), *cert. denied*, 522 U.S. 922 (2007). Holding that the statutory prohibition against possessing machine guns did not violate the Second Amendment right to bear arms as applied to Hamblen, that the statutory prohibition against possessing machine guns was not unconstitutionally vague as applied, and that the statutory prohibition against possessing unregistered firearms was not unconstitutional as applied, this court affirmed the judgment of the district court. *Id*. at 134-37. In 2008, Hamblen filed a 28 U.S.C. § 2255 motion to vacate his sentence. The district court denied the motion and issued a certificate of appealability on Hamblen's Second Amendment claim.

## STANDARD OF REVIEW

In reviewing the denial of a 28 U.S.C. § 2255 motion, we apply a de novo standard of review to the legal issues and uphold the factual findings of the district court unless they are clearly erroneous. *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008). To warrant relief under 28 U.S.C. § 2255, a petitioner must demonstrate the existence of "an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## DISCUSSION

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In interpreting the scope of the Second Amendment, we are guided by *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). We note, as a preliminary matter, that Hamblen's possession of nine unregistered machine guns was not only outside the scope of his duties as a member of the State Guard, but also directly violated State Guard policy. Therefore, this case does not present a novel issue of law regarding the Second Amendment's prefatory clause.

Hamblen's challenge to his conviction for unlawful possession of unregistered machine guns has been directly foreclosed by the Supreme Court, which specifically instructed in *Heller* that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." *Id.* at 2815-16. Moreover, the *Heller* Court expressly rejected Hamblen's reading of *United States v. Miller*, 307 U.S. 174 (1939), when it opined that it would be a "startling" interpretation of precedent to suggest that restrictions on machine guns, set forth in the National Firearms Act, might be unconstitutional. *See Heller*, 128 S. Ct. at 2815. Thus, whatever the individual right to keep and bear arms might entail, it does not authorize an unlicensed individual to possess unregistered machine guns for personal use.

**AFFIRMED**.