NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0335n.06

No. 06-1265

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| PATRICE DONALDSON, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner - Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | PER CURIAM |
| | ) | |
| Respondent - Appellee. | ) | |

BEFORE:    KEITH, BOGGS, and McKEAGUE, Circuit Judges.

**Per Curiam.** On October 24, 2001, Patrice Donaldson was convicted in federal court of conspiring to distribute heroin and cocaine. Donaldson appealed his conviction, and in 2004 we affirmed. *See United States v. Donaldson*, 110 F. App'x 603 (6th Cir. 2004). Donaldson then moved under 28 U.S.C. § 2255 for the court to vacate his sentence on the grounds of prosecutorial misconduct and ineffective assistance of counsel. On December 2, 2005, the district court denied Donaldson's motion. The district court then issued a certificate of appealability only as to Donaldson's second claim, ineffective assistance of counsel, and not as to prosecutorial misconduct. Donaldson asked us to enlarge the certificate of appealability, a request we denied. Donaldson moved for reconsideration, and on March 7, 2008 we denied his motion, thus restricting Donaldson's appeal to the district court's denial of his § 2255 motion on the grounds of ineffective assistance of counsel.

"In reviewing the denial of a 28 U.S.C. § 2255 motion, we apply a *de novo* standard of review to the legal issues and uphold the factual findings of the district court unless they are clearly erroneous." *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009) (citing *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008)). Having duly considered the arguments and the record, we find Donaldson's appeal to be meritless. As the district court noted in its December 2, 2005 opinion, in order to demonstrate that he was deprived of the right to effective assistance of counsel, Donaldson must demonstrate both: (1) that counsel's performance was deficient; and (2) that such deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Donaldson claims that his counsel failed to object to alleged instances of prosecutorial misconduct. In affirming his conviction, however, we explicitly found "no merit in [Donaldson's] claim of flagrant prosecutorial misconduct," and concluded that "[Donaldson's o]ther claims of prosecutorial misconduct, including repeated use of leading questions and vouching for witnesses, are without merit." *Donaldson*, 110 F. App'x at 610, 610 n.3. As we have already rejected Donaldson's contention that his trial was marred by prosecutorial misconduct, Donaldson cannot demonstrate that his counsel's failure to object to the prosecution's actions in any way prejudiced his defense, and so cannot meet the second *Strickland* prong.

Accordingly, we **AFFIRM** the district court's denial of Donaldson's motion to vacate his sentence.