RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0320p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

DESHAWN L. ADAMS,

　　　　　　　*Petitioner-Appellant,*

　　　*v.*

UNITED STATES OF AMERICA,

　　　　　　　*Respondent-Appellee.*

No. 09-1176

─────────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
Nos. 04-20027-002; 05-10327-002—David M. Lawson, District Judge.

Argued:  July 27, 2010

Decided and Filed:  September 30, 2010

Before:  NORRIS, ROGERS, and WHITE, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ARGUED:**  Kenneth R. Sasse, FEDERAL DEFENDER'S OFFICE, Flint, Michigan,
for Appellant.  Patricia Gaedeke, ASSISTANT UNITED STATES ATTORNEY,
Detroit, Michigan, for Appellee.  **ON BRIEF:**  Kenneth R. Sasse, FEDERAL
DEFENDER'S OFFICE, Flint, Michigan, for Appellant.  Patricia Gaedeke,
ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

─────────────────

## OPINION

─────────────────

　　　ALAN E. NORRIS, Circuit Judge.  Petitioner DeShawn Adams appeals from the
denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255.  In 2005
he pleaded guilty to a single count of conspiracy to distribute cocaine base, 21 U.S.C.
§ 846, and was sentenced to the statutory minimum of 120 months of incarceration.  His
statutory minimum sentence was increased from five to ten years based upon an

acknowledgment that he had previously pleaded guilty in a Michigan court to the felony of attempting to possess less than 50 grams of a controlled substance. On appeal, he contends that defense counsel rendered ineffective assistance at sentencing by failing to argue that the Michigan conviction should not have been used to calculate his federal sentence because it did not constitute a "prior conviction for a felony drug offense [that] has become final" as required under 21 U.S.C. § 841(b)(1)(B).

The district court denied the motion but granted a certificate of appealability on this issue. For the reasons that follow, we affirm the judgment.

**I.**

In May 2004 petitioner and seven other individuals were indicted in federal court for conspiracy to distribute 50 grams or more of cocaine base, 21 U.S.C. § 846, and for intentional use of a cell phone to facilitate a drug-trafficking offense, 21 U.S.C. § 843(b). Petitioner was appointed counsel and subsequently entered into a plea agreement with the government. In exchange for dismissal of the section 843 count, petitioner pleaded guilty to a lesser included offense of the drug-trafficking count by acknowledging that he had distributed less than 50 grams of cocaine base. The agreement also stipulated that "the defendant has been convicted of [a] felony drug offense which has become final." Four worksheets used to calculate a federal guidelines sentencing range were attached to the plea agreement. Worksheet C, which details petitioner's criminal history, included the offense at issue on appeal: his conviction for distribution of less than 50 grams of a controlled substance, for which he was designated a "youthful trainee" pursuant to Michigan's Holmes Youthful Trainee Act ("YTA"), Mich. Comp. Laws §§ 762.11-16, and placed on probation.

Petitioner committed the federal drug-trafficking offense while on probation. In response, his Michigan probation officer applied for, and received, a bench warrant from the Wayne County Circuit Court. An Order for Discharge from Probation was entered on May 23, 2005, noting that petitioner had pleaded guilty to a probation violation on May 14, 2005. An Order of Dismissal was entered on July 27, 2005.

The pre-sentence report ("PSR") prepared in advance of petitioner's federal sentencing hearing calculated a guidelines range of between 108 and 135 months of imprisonment. However, the PSR noted that 21 U.S.C. § 841(b)(1)(B) provides in part as follows:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . .

As mentioned earlier, had petitioner not committed a prior drug-trafficking offense, the statutory minimum penalty would have been five years. During the guilty plea hearing, the district court addressed the prior conviction in the following exchange:

> Court:       [W]ith respect to the penalty enhancement information, you have a right to challenge that. For example, you could question whether you, in fact, are the person that was named in the old conviction. Or you could challenge the fact that the prior crime was, in fact, a felony drug offense. Maybe it was, maybe it wasn't. But you have a right to question that if you want to.
>
> But you must mount that challenge before sentencing. If you wait till after sentencing, you have waived your right to do that, do you understand?
>
> Petitioner:   Yes.

As this colloquy makes clear, petitioner had an opportunity to weigh the possibility of challenging his prior felony conviction. In the end, he elected to enter into a guilty plea. Thus, the question is not whether he knew that a challenge to his prior conviction was possible but whether his attorney's failure to insist upon that course of action denied petitioner his Sixth Amendment right to effective assistance of counsel.

Petitioner did not take a direct appeal. However, less less than a year after sentencing, he filed a *pro se* motion to vacate his sentence, which was referred to a magistrate judge, who recommended that a hearing be conducted. Counsel was then appointed to represent petitioner. Although the magistrate judge convened a hearing on the motion, no testimony was taken. After briefing by the parties, the magistrate judge

issued a report recommending that the motion be denied. The district court overruled petitioner's objections to the report and denied the § 2255 motion.

**II.**

A.  *Standard of Review*

"In reviewing the denial of a 28 U.S.C. § 2255 motion, we apply a *de novo* standard of review to the legal issues and uphold the factual findings of the district court unless they are clearly erroneous." *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009).  In this case, no facts are at issue and our review is *de novo*.

B.  *Ineffective Assistance of Counsel*

In order to prevail on a claim of constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland* 466 U.S. at 688). To meet that standard, counsel must perform within the bounds of "prevailing professional norms." *Strickland* 466 U.S. at 688. When assessing performance, courts must indulge a "strong presumption" that counsel's conduct "falls within the wide range of reasonable professional assistance" by resisting the temptation to evaluate counsel's representation through the distorting lens of hindsight. *Id.* at 689.

C.  *The Holmes Youthful Trainee Act*

This court has previously considered whether a conviction under the YTA can constitute an aggravated felony under the federal Immigration and Naturalization Act. *Uritsky v. Gonzales*, 399 F.3d 728 (6th Cir. 2005). In the course of holding that it could, we summarized the YTA in these terms:

> The YTA provides that "if an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but

before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee." Mich. Comp. Laws § 762.11(1). Further, "If consideration of an individual as a youthful trainee is not terminated and the status of youthful trainee is not revoked as provided in section 12 of this chapter, upon final release of the individual from the status as youthful trainee, the court shall discharge the individual and dismiss the proceedings." Mich. Comp. Laws § 762.14(1) (footnote omitted). Moreover, "An assignment of an individual to the status of youthful trainee as provided in this chapter is not a conviction for a crime and . . . the individual assigned to the status of youthful trainee shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee." Mich. Comp. Laws § 762.14(2).

*Id.* at 730. The public policy behind the YTA is clear: to give youthful offenders a chance to wipe their records clean provided that they do not violate their status as "youthful trainees."

The YTA contains the following provision for revocation of youthful training status:

The court of record having jurisdiction over the criminal offense referred to in section 11 of this chapter may, at any time, terminate its consideration of the individual as a youthful trainee or, once having assigned the individual to the status of a youthful trainee, may at its discretion revoke that status any time before the individual's final release. . . . *Upon termination of consideration or revocation of status as a youthful trainee, the court may enter an adjudication of guilt and proceed as provided by law.* If the status of youthful trainee is revoked, an adjudication of guilt is entered, and a sentence is imposed, the court in imposing sentence shall specifically grant credit against the sentence for time served as a youthful trainee in an institutional facility of the department of corrections or in a county jail.

Mich. Comp. Laws § 762.12 (footnote omitted) (emphasis added). In this case, petitioner's Michigan probation officer moved the trial court for an order for discharge of probation for these reasons:

> A warrant for violation of probation was signed on 6/9/04, due to Technical violations. On 5/14/05 the defendant pled guilty to violation of probation and case was closed without improvement by Your Honor.

The trial judge signed an order of probation discharge. As already noted, an order of dismissal was subsequently entered by the trial court. The Michigan trial court did not follow up its dismissal with an adjudication of guilt as authorized by the YTA. There is nothing in the record to indicate whether this was an oversight or whether the trial court elected to abandon the case because petitioner was in federal custody and had pleaded guilty to a felony drug charge. In any event, the government concedes that no judgment appears to have been entered.

The federal statutory scheme for drug trafficking crimes requires that a prior felony drug conviction has "become final" before it can be used to enhance the sentence. 21 U.S.C. § 841(b)(1)(B). We have observed that "a conviction becomes final for the purpose of [federal] sentencing when the time for taking a direct appeal from the judgment of conviction has expired." *United States v. Miller*, 434 F.3d 820, 823 (6th Cir. 2006). Whether a prior conviction is "final" pursuant to 21 U.S.C. § 841(b)(1)(B) is a question of federal law. *Id.* at 823-24. In *Miller*, we considered nearly the identical issue that confronts us here: "whether a sentence of probation under Georgia's first-offender drug sentencing scheme constitutes a 'prior conviction for a felony drug offense [that] has become final,' as provided in 21 U.S.C. § 841(b)(1)(A)." *Id.* at 821-22. We noted that the Georgia courts had determined that first-offender status takes the place of a "sentence" and renders the case final for purposes of appeal. *Id.* at 824. Thus, we upheld the use of the Georgia statute to enhance the federal sentence despite the fact that defendant had served his Georgia two-year probationary sentence without incident and no "formal judgment was . . . entered in the Georgia case." *Id.* at 823.

Likewise, no formal judgment was entered in this case, although the Michigan trial court could have entered an adjudication of guilt after petitioner's probation was revoked. Mich. Comp. Laws § 762.12. Consistent with *Miller*, we hold that plea of guilty to a felony drug offense qualifies as a prior conviction for federal sentencing purposes when the defendant is assigned as a youthful trainee pursuant to the YTA. Indeed,

Michigan's own sentencing scheme supports this view by defining "conviction" to include assignment to youthful trainee status. Mich. Comp. Laws § 777.50(4)(a). If Michigan authorizes the use of YTA adjudications to calculate a defendant's prior record, it makes sense to consider those adjudications as predicate felonies under 21 U.S.C. § 841(b)(1)(B), in accordance with *Miller*. With respect to whether a YTA adjudication represents a "final" judgment, Michigan Court Rule 7.202(b)(6)(1)(i) defines a "final judgment" or "final order" in a criminal case to include "an order dismissing the case." Mich. Ct. Rule 7.202(b)(6)(b). As already mentioned, the trial court entered an Order of Dismissal in this case on July 27, 2005.

Finally, we emphasize that this case comes to us not on direct appeal but as a motion to vacate based upon the claim of ineffective assistance of counsel. Given our holding that the district court properly considered petitioner's YTA adjudication in calculating petitioner's federal sentence, it follows that petitioner has not shown that he was prejudiced by counsel's failure to challenge the prior Michigan conviction as "final." *See Strikland*, 466 U.S. at 687. Moreover, counsel's performance did not fall below "an objective standard of reasonableness." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). On the contrary, it appears that counsel negotiated a favorable disposition for his client by not only securing the dismissal of the second count of the indictment but by convincing the government to allow him to plead guilty to the possession of a lesser amount of crack cocaine. In short, petitioner has demonstrated neither ineffective representation nor prejudice.

**III.**

The judgment is **affirmed**.