NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 17-5903

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Jun 07, 2018

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PIERRE STEPHAN WASHINGTON,

    Defendant-Appellant.

_____

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

BEFORE: KEITH, ROGERS, and KETHLEDGE, Circuit Judges.

DAMON J. KEITH, Circuit Judge. Appellant Pierre Stephan Washington challenges his classification as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and the district court's imposition of a mandatory minimum sentence of 180 months as a result of his ACCA classification. Washington raises three arguments on appeal. Washington's first argument, that the maximum term of imprisonment associated with his prior convictions should be determined under the current version of state law, is clearly foreclosed by the Supreme Court's decision in *McNeill v. United States*, 563 U.S. 816 (2011), which defense counsel concedes abrogated *United States v. Morton*, 17 F.3d 911 (6th Cir. 1994), and remains binding precedent. His second argument is also easily rebuffed under Supreme Court precedent, *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and *Apprendi v. New Jersey*, 530 U.S.

466 (2000), where the Court established and reaffirmed that related prior convictions need not be proven beyond a reasonable doubt by a jury or included in the charging document. *See Apprendi*, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).[1] Washington's final argument, alleging that the term "serious drug offense" is unconstitutionally vague based on the same rationale articulated in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is wholly unsupported by legal authority in this circuit.

Setting aside our analysis of the merits of Washington's claims for the moment, we turn to defense counsel's preservation of these issues for review on appeal. Washington's *Morton* claim, having been asserted and later withdrawn, is now waived, and is thus unreviewable on appeal. *See United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir. 2000); *United States v. Jackson*, 23 F. App'x 254, 255 (6th Cir. 2001). Washington's two remaining arguments, raised for the first time on appeal, fall outside the scope of the general objection to his ACCA classification asserted at sentencing and are now subject to plain error review. *See United States v. Aparco-Centeno*, 280 F.3d 1084, 1087 (6th Cir. 2002); *see also United States v. Yancy*, 725 F.3d 596, 600 (6th Cir. 2013) ("We have also applied plain-error review to forfeited claims when 'well-settled' law . . . made objection 'futile.'") (citations omitted).

---

[1] Although aspects of the Supreme Court's decision in *Almendarez-Torres* have been called into question, the prior conviction exception remains intact. *See Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013). Moreover, prior panels of this court confronted with the same inquiry—"is *Almendarez-Torres* still good law based on the Supreme Court cases over the last fifteen years [?]"— have repeatedly answered affirmatively. *See United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014) ("*Almendarez-Torres* is still good law and will remain so until the Supreme Court explicitly overrules it.") (quoting *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012)); *see also Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality.") (quotations and citations omitted).

In order for a court of appeals to exercise discretion to correct a forfeited objection, there must be: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993). "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'" *Id*. at 734.

On review for plain error, Washington has failed to identify any relevant legal authority in support of his remaining arguments that would have rendered any alleged error "clear" or "obvious" to the district court at the time of sentencing, or to this panel at the time of appellate review. Absent a showing of legal authority clearly demonstrating an error in the district court's application of the ACCA, Washington cannot establish that plain error was committed. *See United States v. Lantz*, 443 F. App'x 135, 139 (6th Cir. 2011) ("A lack of binding precedent on the specific issue indicates that there is no plain error.") (citation omitted).

Accordingly, the district court's sentence and judgment are affirmed.