NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0324n.06

No. 21-2904

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff-Appellee, )<br><br> )<br><br>v. )<br><br> )<br><br>SHIMAR JAMAL DEAN THOMPKINS, )<br><br>Defendant-Appellant. )<br><br> )<br><br> ) | **FILED**<br>Aug 08, 2022<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF MICHIGAN |

Before: MOORE, STRANCH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge.  While serving probation under Michigan's Holmes Youthful Trainee Act, Appellant Shimar Thompkins broke into a home and stole six guns.  The following week, Thompkins posted several videos on Instagram, showing himself brandishing one of the stolen guns and trying to sell it.  Thompkins pleaded guilty to receipt of a firearm by a person under indictment and possession of a stolen firearm.  The court sentenced him to concurrent sentences of 60 months' imprisonment for receipt of a firearm and 87 months for possession.  Thompkins appeals his sentence.  Because Thompkins' arguments lack merit, we AFFIRM.

## I.

### A.

Thompkins' troubles began in February 2017 when he and several others burglarized a home in Michigan.  Because he was 17, state law made Thompkins eligible for a diversion program under the Holmes Youthful Trainee Act (HYTA).  HYTA permits Michigan courts to assign a 17- to-24-year-old the status of a "youthful trainee" if he pleads guilty to a criminal offense.

Mich. Comp. Laws § 762.11(1). The trainee then serves a term of probation or custody, *id.* § 762.13, and, if he successfully completes the term, the court may dismiss his case without a judgment of conviction, *id.* § 762.14. Thompkins pleaded guilty to home invasion and conspiracy and was sentenced to two years' probation and 180 days' custody.

While on probation, Thompkins was arrested and charged with assaulting an officer. He again pleaded guilty and was incarcerated for some time before being placed on probation again.

Unfortunately, Thompkins' criminal endeavors didn't end there. While serving probation, he ripped a gold necklace from a shopper's neck at a food market. And when the police arrived, he fled. He pleaded guilty to assault with intent to rob while unarmed and to resisting an officer. He was again incarcerated and was eventually placed on probation for another two years.

On February 23, 2020, during this third term of probation, Thompkins and two associates broke into another house. They stole six guns. The next week, on March 4, Thompkins posted videos on Instagram showing himself brandishing one of the stolen guns and trying to sell it. He was arrested, and a federal grand jury indicted him for receipt of a firearm by a person under indictment, 18 U.S.C. § 922(n), and possession of a stolen firearm, *id.* § 922(j). Thompkins pleaded guilty to both charges without a plea agreement. While his federal charges were pending, a Michigan court revoked his HYTA status.

**B.**

At sentencing, the parties disagreed over the application of two sentencing provisions. First, the government argued that Thompkins' base offense level should be 20 because, at the time he committed the federal offenses, Thompkins had a previous "conviction" for "a crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). The district court agreed with the government that

Thompkins' guilty plea, under HYTA, to assault with intent to rob while unarmed qualified as a "conviction" for purposes of § 2K2.1(a)(4)(A).

Second, Thompkins objected to a four-level enhancement for "possess[ing] any firearm or ammunition in connection with another felony offense." *Id.* § 2K2.1(b)(6)(B). The court denied Thompkins' objection, finding that he possessed the stolen pistol during the February 23 burglary, which counted as "another felony offense" under § 2K2.1(b)(6)(B).

The court calculated a Guidelines range of 77 to 96 months. It sentenced Thompkins to concurrent sentences of 60 months' imprisonment for receipt of a firearm by a person under indictment and 87 months for possession of a stolen firearm. Thompkins appeals.

## II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Thompkins challenges only the procedural reasonableness of his sentence. Procedural reasonableness requires, among other things, that the court "properly calculate the guidelines range." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). We review a claim of procedural unreasonableness for an abuse of discretion, but we "review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019).

## A.

Under § 2K2.1(a)(4)(A), a defendant receives a base offense level of 20 if he "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." Thompkins argues that his guilty plea to assault with intent to rob while unarmed does not count for purposes of this section because, under Michigan law, his assignment to youthful trainee status did not become a "conviction" until the court revoked that status. *See People v. GR*,

951 N.W.2d 76, 79 (Mich. Ct. App. 2020). Because the state court did not revoke his youthful trainee status until *after* he committed his federal offenses, Thompkins reasons that he did not commit his federal offenses "subsequent to" a "conviction."

That argument is foreclosed by our precedent. A "plea of guilty to a[n] . . . offense qualifies as a prior conviction for federal sentencing purposes when the defendant is assigned as a youthful trainee pursuant to the [H]YTA." *Adams v. United States*, 622 F.3d 608, 612 (6th Cir. 2010); *United States v. Neuhard*, 770 F. App'x 251, 258 (6th Cir. 2019). Even though a HYTA guilty plea "does not result in a formal judgment of guilt," for liability purposes under state law, it still counts as a conviction for purposes of federal sentencing.[1] *Neuhard*, 770 F. App'x at 258. This is true even if a state court dismisses HYTA charges without entering a final judgment of conviction. *See Adams*, 622 F.3d at 612; *Neuhard*, 770 F. App'x at 257. All parties agree that Thompkins entered his guilty plea, under HYTA, prior to his federal offenses. So, for purposes of § 2K2.1(a)(4)(A)'s sentencing enhancement, he had been convicted of a crime at the time he committed his federal offenses. Under our precedent, it makes no difference that his youthful trainee status wasn't revoked until after he committed his federal offenses.

Relatedly, Thompkins argues that the district court violated the law-of-the-case doctrine by making two inconsistent findings. First, Thompkins claims that when he pleaded guilty to the federal charge of receipt of a firearm by a person under indictment, the district court found that his HYTA plea rendered him "under indictment"—i.e., not convicted—for the state offense of assault with intent to rob while unarmed; but then, when he was sentenced, the court found that his HYTA plea rendered him "convicted" of that same offense for purposes of § 2K2.1(a)(4)(A). Thompkins

---

[1] Such a guilty plea counts for Michigan sentencing purposes too. *See* Mich. Comp. Laws § 777.50(4)(a).

reasons that the court violated the law-of-the-case doctrine because "he was either under indictment for or convicted of unarmed robbery, but not both." We disagree.

Law-of-the-case doctrine ensures that "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015) (quoting *Sherley v. Sebelius*, 689 F.3d 776, 780 (D.C. Cir. 2012)). But here, the district court decided two *different* issues. At the guilty-plea hearing, the district court determined that Thompkins' plea was knowing and voluntary and that there was a "factual basis" sufficient to support Thompkins' plea to being a person "under indictment" for a felony within the meaning of 18 U.S.C. § 922(n). *See* Fed. R. Crim. P. 11(b)(3). But the issue at sentencing was different. At sentencing, the court decided whether Thompkins' HYTA guilty plea qualified as a "conviction" for purposes of the federal sentencing Guidelines. Under our precedents, the answer is "yes," regardless of whether it would count as a "conviction" for purposes of substantive liability under 18 U.S.C. § 922(g) (criminalizing receipt of a firearm by a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."). Because the district court decided two distinct questions, law of the case is not implicated.

As a last resort, Thompkins also claims that assault with intent to rob while unarmed is not a "crime of violence." Thompkins may have waived this issue by conceding it at sentencing. The judge asked whether counsel agreed "that assault with intent to commit robbery is a crime of violence"; counsel replied, "I believe so, Judge, if that's the prior," seeming to withdraw the argument. Typically, an express withdrawal of an objection to a PSR constitutes a waiver, "forever foreclos[ing]" review. *United States v. Jackson*, 23 F. App'x 254, 255 (6th Cir. 2001). It does give us pause, however, that defense counsel then remarked that he had "not researched" the issue and that "what's a violent offense can often be tricky." *See United States v. Rodriguez*, 544 F.

App'x 630, 634 (6th Cir. 2013) (applying plain error where defense counsel "withdrew [an] objection without explicitly conceding admissibility"). But at best defense counsel forfeited his objection by not presenting the district court with a reasoned argument and "an opportunity to correct itself when the problem ar[ose]," so plain error review would apply. *See United States v. Clancy*, 979 F.3d 1135, 1140 (6th Cir. 2020). And under that standard, a "lack of binding caselaw that answers the question presented will . . . preclude our finding of plain error." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015); *accord United States v. White*, 920 F.3d 1109, 1114 (6th Cir. 2019); *United States v. Woodruff*, 735 F.3d 445, 450 (6th Cir. 2013). We have not found any precedent, nor has Thompkins offered any, holding that assault with intent to rob while unarmed under Michigan law is not a "crime of violence." The district court did not plainly err.

**B.**

Section 2K2.1(b)(6)(B) provides for a four-point enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." The district court applied the enhancement, concluding that Thompkins stole and, therefore, "used or possessed" the pistol "in connection with another felony offense"—the February 23, 2020, burglary. In the district court, Thompkins argued that the February 23 burglary could not serve as the predicate offense for the enhancement. He argued that he did not participate in the burglary but that, even if he had, the enhancement would not apply because *United States v. Sanders*, 162 F.3d 396, 400 (6th Cir. 1998), requires a "separation of time" or "a distinction of conduct" "between the offense of conviction and the other felony offense." Thompkins argued that neither condition was met in his case because his offense of conviction was nothing but "a continuation in the purported 'other offense' as it was the identical weapon that was stolen." The government, for its part, argued that post-*Sanders* commentary issued by the Sentencing Commission should

instead control. Application Note 14(B) states that an enhancement under § 2K2.1(b)(6)(B) applies to "a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." So the government argued that the enhancement applied to Thompkins' conduct. In the alternative, the government argued that the enhancement was also proper under *Sanders* because "[t]here was a separation in time and a distinction in conduct between the Feb 23, 2020 home invasion and Thompkins's March 4, 2020 possession of the firearm."

The district court agreed with the government on both points. First, it found by a preponderance of the evidence that Thompkins "participated in the February 23, 2020, home invasion during which the Llama 1911 .45 caliber pistol was stolen." So, looking to Application Note 14(B), the court deemed the enhancement appropriate because Thompkins "'[found] and [took]' the .45 caliber pistol" "during the course of a burglary." In the alternative, the district court found the enhancement warranted under *Sanders* because Thompkins' "later possession of the . . . pistol—on March 4, 2020, when he created the Instagram videos—was both separate in time and involved distinct conduct, *Sanders*, 162 F.3d at 400, in comparison to the burglary and the theft of the pistol on February 23, 2020."

On appeal in this court, Thompkins takes issue with the district court's reliance on Application Note 14(B), arguing that it is inconsistent with the Guidelines' text, and therefore not entitled to *Auer* deference under *United States v Riccardi*, 989 F.3d 476 (6th Cir. 2021), and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). *See Auer v. Robbins*, 519 U.S. 452, 461 (1997). We note that Thompkins made none of these administrative law arguments in the district court, despite the government's express reliance on Application Note 14(B). More importantly, Thompkins' opening brief in this court failed entirely to address the district court's alternative holding under

*Sanders*. Given that Thompkins advocated for the *Sanders* test in the district court, the implication of his challenge to Application Note 14(B) in this court must be that, if it does not govern, then *Sanders* does. But the district court *applied* the *Sanders* test, holding in the alternative that Thompkins' conduct satisfied its "separate time or conduct" rule. If Thompkins thought the district court's application of *Sanders* was wrong, then he was obliged to present that argument in his opening brief on appeal. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal." (quoting *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996)). He did not, waiting instead to raise the issue in his reply brief. Consequently, Thompkins has forfeited this argument. *See United States v. Penaloza*, 648 F. App'x 508, 521 n. 6 (6th Cir. 2016) (holding that defendant who "raised for the first time in his reply brief the argument on which he focused before the district court" had forfeited that argument). Therefore, we affirm the district court's decision on this issue.

\* \* \*

We AFFIRM.